# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **DAVID LEIGHT,**      Petitioner, | ) ) ) | Civil Action No. 7:13-cv-00457 |
| v. | ) ) | **MEMORANDUM OPINION** |
| **HAROLD CLARKE,**      Respondent. | ) ) ) | By:     Hon. Michael F. Urbanski         United States District Judge |

David Leight, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the term of incarceration imposed by the Circuit Court for the City of Winchester. This matter is before the court for preliminary review, pursuant to Rule 4 of the Rules Governing § 2254 Cases. After reviewing the record, the court dismisses the petition as time barred.

## I.

On September 23, 2011, the Circuit Court for the City of Winchester sentenced Petitioner to more than forty years' incarceration for aggravated malicious wounding, assault and battery, and eluding. Petitioner did not appeal.

On March 15, 2013, Petitioner filed a petition for a writ of habeas corpus with the Supreme Court of Virginia, which dismissed the petition on August 16, 2013. Petitioner filed the instant petition on September 27, 2013. See R. Gov. § 2254 Cases 3(d) (describing the prison-mailbox rule). The court conditionally filed the petition, advised Petitioner that the petition appeared to be untimely filed, and provided him the opportunity to explain why the court should consider it timely filed. Petitioner argues in response that his petition is timely filed pursuant to Virginia law.

**II.**

Habeas petitions filed under § 2254 are subject to a one-year period of limitation pursuant to federal law, not state law. 28 U.S.C. § 2244(d)(1).[1] The applicable one-year period begins to run from the date on which the judgment of conviction becomes final.[2] 28 U.S.C. § 2244(d)(1)(A). A conviction becomes final once the availability of direct review is exhausted. United States v. Clay, 537 U.S. 522, 524 (2003). However, the one-year filing period is tolled while a convict's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2). See Wall v. Kholi, ___ U.S. ___, 131 S. Ct. 1278, 1288-89 (2011) (discussing proceedings that qualify as collateral review).

Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A). Petitioner's conviction became final in October 2011, when the time expired for Petitioner to note an appeal from the Circuit Court for the City of Winchester to the Court of Appeals of Virginia. See Va. Sup. Ct. R. 5A:6(a) (stating an appeal from the trial court to the Court of Appeals is allowed only if the appellant files a notice of appeal within thirty days of the final judgment). Petitioner filed his state habeas petition in March 2013, more than sixteen months after his convictions became final. Therefore, Petitioner filed his state habeas petition after the federal statute of limitations

---

[1] The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1).

[2] Petitioner did not argue timeliness under subsections (B) through (D).

already expired, and the state habeas proceedings cannot toll the already expired limitations period. See, e.g., Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (recognizing that a state habeas petition cannot revive a federal limitations period that had already expired).

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010).

Petitioner's lack of knowledge about legal process or the statutory deadline for federal habeas relief does not support granting such extraordinary relief. Harris, 209 F.3d at 330. Furthermore, the court does not find any extraordinary circumstances in this record that prevented Petitioner from filing a timely petition. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (noting that pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll limitations period). Accordingly, Petitioner filed his federal habeas petition more than one year after the judgment became final, Petitioner is not entitled to equitable tolling, and the petition must be dismissed. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (recognizing a district court may summarily dismiss a § 2254 petition if a petitioner fails to make the requisite showing of timeliness after the court notifies

3

petitioner that the petition appears untimely and allows an opportunity to provide any argument and evidence).

### III.

For the foregoing reasons, the court dismisses the petition for a writ of habeas corpus as time barred.  Based upon the court's finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

Entered:  November 13, 2013

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge